IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BOARD OF COMMISSIONERS OF LOWNDES COUNTY,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP A. GAMBUTI; The PARROTT FAMILY HAHIRA FARM, LLC; RUTH GAMBUTI; and PAMELA G. GAMBUTI, as Administratrix of the Estate of Philip A. Gambuti, Jr.,<br><br>    Defendants. | Civil Action No. 7:15-CV-215 |

ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. 3). For the reasons outlined below, this action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the Superior Court of Lowndes County, Georgia because this Court lacks subject matter jurisdiction.

I.   PROCEDURAL BACKGROUND

Plaintiff Board of Commissioners of Lowndes County filed this action for a declaratory judgment of the rights, status, and legal relations of the parties in and to the right-of-way of Chancy Drive. Defendant Philip A. Gambuti removed the matter to this Court on November 23, 2015, citing no legal justification for

removal. (Doc. 1-1, p. 1). Subsequently, Plaintiff filed a Motion to Remand (Docs. 3, 4), to which Mr. Gambuti responded (Doc. 5).

## II.  LEGAL ANALYSIS

Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have original jurisdiction over civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a) (diversity jurisdiction for citizens of different states). "[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

Here, Plaintiff relied exclusively upon state law when it filed this declaratory judgment action in the Superior Court of Lowndes County. (Doc. 1-1, pp. 4–7; Doc. 4-1). No federal question is presented on the face of Plaintiff's Complaint. (Doc. 4-1). There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the complete pre-emption doctrine. See Caterpillar, 482 U.S. at 393 (explaining the doctrine of complete pre-emption, which applies only when a federal statute completely pre-empts the relevant state statute). Mr. Gambuti's contention that the requested relief would violate his property rights does not create or give rise to original jurisdiction.

In the event Mr. Gambuti is attempting to invoke this Court's diversity jurisdiction, the Court still lacks requisite jurisdiction because all Defendants are citizens of the State of Georgia, and because Plaintiff's Complaint does not satisfy the amount in controversy requirement. Rather, Plaintiff's Complaint seeks a declaration of ownership and a permanent injunction. (Doc. 4-1, pp. 3–4). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Green

Tree Servicing, LLC v. Respert, No. 5:14-CV-183, 2014 WL 2946422, at *2 (M.D. Ga. June 30, 2014).

### III.     CONCLUSION

Mr. Gambuti has failed to demonstrate that this Court has subject matter jurisdiction over Plaintiff's Complaint.  Therefore, the Clerk is directed to REMAND this action to the Superior Court of Lowndes County, Georgia.


**SO ORDERED**, this the 6th day of April, 2016.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les